UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADELLA BASSETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:22-cv-00037-SLC |
| | ) |
| CHARLES BURNS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a proposed Joint Uniform Stipulated Protective Order (ECF 23) filed by Defendant Lowe's Home Centers, LLC, on October 27, 2022, which the Court deems to be a motion seeking approval of the proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c). There are, however, deficiencies with the proposed order.

First, various sections of the proposed order improperly cite to Local Patent Rule 2-1. (*Id.* at 2, 3, 7). The Local Patent Rules "govern cases in which jurisdiction is based, in whole or in part, on 28 U.S.C. § 1338." N.D. Ind. L.P.R. 1-1(a). Defendants removed this case from state court alleging jurisdiction under 28 U.S.C. § 1332 (ECF 1), therefore, this case does not involve jurisdiction under 28 U.S.C.§ 1338 and the Local Patent Rules are not applicable. Thus, the proposed order should cite to this Court's Civil Local Rules, if applicable. *See* N.D. Ind. L.R. 1-1 ("The local civil rules govern all civil cases pending before the district court.").

Second, the proposed order, titled "JOINT UNIFORM STIPULATED PROTECTIVE ORDER," recites that the parties stipulate to the provisions of this Court's "Uniform Stipulated Protective Order," and that the parties have "read the 'Uniform Stipulation Protection Order' in this matter." (ECF 23 at 1, 10). This Court, however, does not have a uniform stipulated protective order.

Third, while the Order will remain in force after termination of the suit as set forth in Section VI.B, the Court will not retain jurisdiction over the Order, as the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Fourth, the Court is unwilling to approve Section VIII.B as written. If any of the parties seek to challenge the designation of information as "Confidential" or "Attorneys' Eyes Only," the parties should first try in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of the proposed order and N.D. Ind. L.R. 37-1. If the parties are unable to do so, they may then file an AGREED MOTION seeking a telephone conference with the Magistrate Judge.

Fifth, while the proposed order directs the parties to comply with N.D. Ind. L.R. 5-3, it does not preclude sealed filings absent a Court order. (ECF 23 ¶ VIII ). As such, the proposed order must be reviewed under stricter scrutiny.[1] Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order must only extend to "properly demarcated categor[ies] of legitimately

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)).

confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same). The proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. It states that the parties "anticipate production" of "Lowe's Home Centers, LLC's policies and procedures including but not limited to safety and inspection policies and procedures," but it does not definitively limit protection to this category. (ECF 23 ¶ II). Rather, it also mentions "trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the producing party or a non-party." (*Id.*). Generic terms such as "commercial" or "other information" are not narrow, demarcated categories. *See Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order").

Further, the use of "'[n]on-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Cook*, 206 F.R.D. at 248. "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Id*. at 249. "They must describe a category or categories of information and show that substantial privacy

interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

The protective order also fails to demonstrate good cause for the sealing of confidential information. It does not explain why all of Lowe's Home Centers, LLC's policies and procedures are confidential, and fails to advance good cause for sealing routine employment information such as work schedules, names of supervisors and coworkers, hours worked, and the like. In sum, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

Finally, "[p]eople who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). Additionally, a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The proposed order, however, does not

4

contain this language. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of judicial proceeding." *Id*. at 945.

For the foregoing reasons, the parties' joint motion for protective order (ECF 23) is DENIED without prejudice.

SO ORDERED.

Entered this 22nd day of November 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge